The Honorable, the Judges of the United States Court of Appeals for the Fourth Circuit. Oyez! Oyez! Oyez! All persons having any manner or form of business before the Honorable, the United States Court of Appeals for the Fourth Circuit, are admonished to draw nigh and give their attention for the Court is now sitting. God save the United States and this Honorable Court. All right, thank you. You can be seated. We're fortunate to have with us this morning Judge Joe Anderson from the District Court in South Carolina. He's one of the best judges in South Carolina and we're fortunate to have him help us out this week. All right, Mr. Castle, whenever you're ready, we'll be glad to hear from you. Thank you, Your Honor. I see Judge Gregory, you have the benefit now of being on this case all three times. Yes. Gentlemen, I've come here from Wichita, Kansas, a second time on this matter to appear before Your Honors. I have filed six, at least six briefs on the merits in this case, a couple of motions for summary adjudication. And as I just mentioned, I appeared here last March 2015 in argument before a panel that included Judge Gregory. I don't have with me, I did not bring with me any prepared remarks. I don't know what more I can say in this matter other than to say that the idea that John Hunter, a very fine lawyer and local counsel for me in Asheville, North Carolina, and my co-counsel Terry Smith from Wichita, Kansas, made a decision at the suggestion of the magistrate down there to dismiss this case back in, gosh, October of 2010. I was at Rice County District Court in trial, otherwise I would have been that day in Asheville. And they certainly did not do this to gain any kind of a tactical advantage over our opponent. And we have proceeded since that time and refiled the case. And we certainly have not been engaging and did not engage in vexatious litigation. I don't believe, or I've been a lawyer 41 years, maybe I have, but I don't believe I've ever engaged in vexatious litigation. Maybe I've been an aggressive litigant. But the idea that we have and that we did something untoward is offensive to me. I'm more than willing to respond to any questions your honors might have on this matter. We just want this matter remanded back to the district court so the defendant is required to come in and answer to the complaint that we filed now, as I said, about five and a half years ago. As I have admitted in prior filings in this case, I made a procedural error, as I told the panel a year ago when I was here, with regard to the finality of the prior decision. And for that, that responsibility is mine that delayed this case in part over these years. But at this point, my request is that this matter be as soon as possible, with all deliberate speed, sent back to the district judge with a firm opinion that what we did was not vexatious and certainly not to put any adversary at a disadvantage. But when you look at the civil rules, do you see any consistency or inconsistency in the use of the word cost to determine whether or not, generally speaking, it includes attorney's fees or not? Or whether or not they distinguish between cost and attorney's fees? There's a split on that, no question, your honor, about that. We did brief that, in part, attorney's fees should not be a cost under Rule 41D. And, of course, Appleby has briefed it on the other side. I'm talking about looking at the other rules where they use the term cost. Have you looked at the other rules to see if there's consistency or, well, if there's inconsistency in what the drafters of the rules have anticipated? Generally, under the rules, as I understand them, costs do not include attorney's fees. Under the American rule, costs do not include attorney's fees, and they're not chargeable unless they're provided for by contract. I'm not talking about the American rule. I'm talking about the use of the term within the civil rules. Is there any light to be divined from their use? I can't say that I'm aware of another, just off the top of my head, I'm aware of another statute where the term cost includes attorney's fees. I mean, there are other statutes involving attorney's fees. I understand that rule. I'm running the rules through my mind quickly, Your Honor. Well, I just wondered if you'd take a look to see. I mean, costs are awarded as virtue of a judgment. I think there's a provision for cost in Rule 54. But I'm certainly not familiar with where attorney's fees would be part of a simple cost finding. I apologize if I can't answer that question. When the Supreme Court was confronted with what the word cost means in Rule 68, they said that the most reasonable inference is that the term cost in Rule 68 was intended to refer to all costs that are properly awardable under the relevant substantive statute or other authority. If we take the approach they took, the Supreme Court took, with trying to determine what the word cost means, where does that take us in this case? Take us right to where I've argued, Your Honor, because their interpretation, as you just read into the record, defers to a statute or some other proceeding. I would like to point out that I believe under a different portion of Rule 41D or Rule 41, there could have been an imposition of cost. And, in fact, the appellee at the time of the hearing asked the court specifically to award attorney fees with magistrate help at that time turned down. But I think from not having heard that quote before from the Supreme Court, I think it gets me right to where I've been advocating that there has to be something else that would justify award of attorney fees as cost. I think we understand your position. I appreciate it, Your Honor, very much. Thank you. Professor? May it please the Court. John Corzine here is court-assigned an amicus in support of the appellees. Under Local Rule 46A, it's my pleasure to introduce the two law students who are here to appear today. First, Ashley Visco, who will address what we consider the first issue in the case, whether an award under Rule 41D may ever include attorney fees. And then, secondly, Rolf Garcia-Glant, who will address what we consider the second issue, whether the award is proper under the circumstances of this case. Okay. Thank you, Your Honors. Appreciate your help. Ms. Visco? Thank you. Just take a deep breath. You're going to live, I promise. Thank you. Good. May it please the Court. As Court appointed amicus on behalf of the defendant's position in this appeal, we respectfully request that this Court affirm the District Court's award of partial attorney's fees to the defendant for the previously dismissed litigation. Because District Courts have the discretion to award attorney's fees under Rule 41D, and the District Court in this case properly awarded such fees. Again, I will address the scope of Rule 41D first, and then my colleague will address the particular facts of this case. So, turning first to the legal issue. District Courts have a broad discretion to award payment of costs under Rule 41D, and as part of a District Court's award, they may include attorney's fees, as has been allowed by the majority of courts that have engaged this issue. Allowing for attorney's fees furthers the purpose of Rule 41D, and it also provides a consistent interpretation across Rule 41 as a whole, and I will address each of these in turn. So, turning first to purpose. Allowing a District Court to award attorney's fees as part of Rule 41D furthers the purpose of protecting a defendant and deterring plaintiff from engaging in vexatious litigation, such as forum shopping, dismissing to gain a tactical advantage, or dismissing to avoid an adverse ruling, and when such conduct does occur, to protect the defendant by compensating for unnecessary expenses in the previous litigation. To not allow for attorney's fees would essentially undermine the rule, as the Burley Court noted, the Western District of Arkansas in 1991, for Rule 41 to have any teeth to accomplish its purpose, it must include attorney's fees, because attorney's fees are a substantial portion of defending a claim. To only allow a de minimis cost, or the de minimis cost, such as filing fees or any costs associated with paper copies, would not give the court the discretion that it would need to both deter vexatious litigation and protect a defendant. This is especially true in a situation where a plaintiff may voluntarily dismiss a case under Rule 41A without stipulation of the parties or without the court's permission. Rule 41D in this situation is the only deterrence factor and opportunity to protect a defendant. And if attorney's fees are not included under Rule 41D, a plaintiff who dismisses a claim only to refile again, and in doing so engages in vexatious conduct, essentially has no penalty, so there's no deterrence, and the defendant's legal bill will continue to rise and cannot be compensated for any unnecessary expenses created by the plaintiff, and therefore no protection. And this is the opposite effect that the rule intends. So excluding attorney's fees from the relief that a district court may grant under Rule 41D would undermine the purpose. And thus attorney's fees should be allowed as part of the relief that district courts may grant under Rule 41D. So turning now to the context of Rule 41 as a whole, allowing district court's discretion to award attorney's fees provides intuitive consistency across Rule 41 and furthers the rule's purpose of balancing a plaintiff's ability to dismiss a case with protecting a defendant's interest when plaintiffs do dismiss a case, and compensating a defendant for any harm or inconvenience incurred to this dismissal and possible refiling. As the Supreme Court noted in Cooter and Gill v. Hartmark in 1990, the one purpose of Rule 41 is to limit a plaintiff's ability to dismiss an action and to protect a defendant when it is allowed. It is against this backdrop that we consider the interplay between Rule 41D and Rule 41A, which governs voluntary dismissals by a plaintiff, either unilaterally, by stipulation, or by the court's permission. A defendant may request certain conditions for dismissal, including attorney's fees, either by stipulation or from the court when the court has to grant an order to allow for a dismissal. And under Rule 41A-2, district courts are afforded broad discretion in conditioning a voluntary dismissal on terms that the court considers proper, which may include attorney's fees, as this court has recognized in Davis v. USX Corp. in 1987. Like Rule 41A-2, where courts have discretion to condition a dismissal on payment of attorney's fees, despite the lack of textual reference to attorney's fees, courts should likewise have the discretion to award attorney's fees under Rule 41D, despite its lack of textual reference to attorney's fees, because they work together to accomplish the same purpose of protecting a defendant. In this way, the different subsections of the Rule work together to allow plaintiffs a voluntary dismissal, but then also protect a defendant from prejudice when that does happen. The necessity of a district court to have the discretion to condition a second filing on payment of costs, including attorney's fees, is most pronounced in a situation where a plaintiff previously voluntarily dismissed a case unilaterally, and the defendant had no ability to protect their interest in that instance. The plaintiffs in this case at least inferred that they were encouraged to do this by the magistrate judge. Your Honor, my co-counsel will address the particular facts of this case more, but we contend that it was just one option that they were allowed to take, and it wasn't encouraged for them to do so. I'll ask you the same question I asked your opponent. Have you looked at the civil rules to see, every time they use the word cost, whether or not a pattern can be discerned, particularly with regard to whether or not it's obvious or not obvious, whether or not they intended to include attorney's fees? Your Honor, we contend that it is not obvious, just on the face of the rule, whether the courts intended to include attorney's fees or not. There are some provisions that say cost, including attorney's fees, and actually have the words such as Rule 11, Rule 16, and Rule 30, I believe. But that, to be the devil's advocate, though, doesn't that mean where they've been specific to put, like, cost parentheses including attorney's fees, that they know that the word cost generally doesn't include attorney's fees and that they're having to be specific? No, Your Honor, that does not indicate that it has to be specifically allowed. As the Supreme Court stated in Keytronics Court v. United States in 1994, the absence of a specific reference to attorney's fees is not dispositive if the rule otherwise evinces an intent to provide for such fees. And as previously discussed, this rule does evince such an intent, as indicated by the purpose and the context of the rule. And further, as Your Honor noted earlier, the Supreme Court in Merrick v. Chesney has allowed for attorney's fees in certain and limited situations under Rule 68, which only includes the word cost. And in that case, the Supreme Court relied on the most reasonable inference of what the word cost intended in that rule. And here, in Rule 41, the most reasonable inference of what the word cost intends in 41D is to include attorney's fees. If we take the Merrick form of analysis and apply it to this case, where does that take us? Your Honor, under the underlying statute is the Fair Labor Standards Act, and under that statute, by case law, a defendant may get attorney's fees if a plaintiff conducts litigation in that fate. That's the only instance in which the defendant would get attorney's fees. However, we contend that the Merrick layout of including attorney's fees and cost in Rule 68 only when the underlying substantive statute includes attorney's fees is not applicable in this situation because under Rule 68, it is sort of a cost or a fee-shifting provision for a prevailing party, whereas here in Rule 41D, it is a discretionary rule based on the discretion of the district court, and it is not contingent on a party prevailing or not. It is just a condition for the case to go forward. So in conclusion, Your Honors, we ask this court to affirm the district court's award of attorney's fees under Rule 41D because allowing district courts the discretion to include attorney's fees furthers the purpose of the rule and provides interpretive consistency across Rule 41 as a whole. And in case Your Honor, unless Your Honors have further questions, I would like to reserve the extra minute and 20 seconds for my colleague, Mr. Garcia-Galant. Thank you. Let's hear from Mr. Galant.  When district courts have used their discretion to award attorney's fees under Rule 41D, they have done so to protect defendants from vexatious litigation conduct that causes unnecessary expenses, that wastes resources, or that stems from a plaintiff's attempt to gain a tactical advantage by dismissing and refiling. And that is precisely what the district court did in this case. The district court protected Mr. Hodges and conditioned filing of the second complaint on payment of attorney's fees, not just because plaintiff took a voluntary dismissal and then refiled, but because that dismissal and refiling were the culmination of a whole course of conduct that as a whole was vexatious. So for example, the district court found that plaintiff's actions had delayed resolution of the case and caused defendant additional expenses in defending the original action. The district court also found that plaintiff's actions had wasted judicial resources and that plaintiff had dismissed in order to avoid an adverse ruling. Now, these are all findings of fact. And so there are... But if you file a lawsuit and it's voluntarily dismissed or whatever is dismissed, it's always a waste of resources if you look backwards, right? It depends on the timing, Your Honor. And I think that's the difference in this case. In this case, the facts show that when plaintiff filed the original complaint and pretty early on in the litigation, the defendant filed a very thorough motion to dismiss that essentially provided a blueprint for how to fix a defective complaint. And under Rule 15, the plaintiff would have had 21 days to do exactly that because the drafters of that amendment to the rule considered that 21 days was sufficient time, reasonable time to see what holes the motion to dismiss had poked. All right, so they missed their window of unilaterally correcting it. So, okay, so what does that mean? So this court, Your Honor, in Inouye 1997 grand jury, in the year 2000, used vexatious to describe conduct that is without reasonable cause or excuse. And there is no reasonable cause or excuse for the plaintiff to sit on a defective complaint for 82 days after the motion to dismiss was filed before on the eve of the motion to dismiss hearing, they finally filed an amendment complaint. So this motion to dismiss was filed and plaintiffs could have changed their complaint within 21 days. 21 days passed, it didn't happen. After 48 days, they filed not a motion to amend the complaint, but a response brief. And to this response brief, they attached 30 pages of completely extraneous documents. So the defendant couldn't rely on their original motion to dismiss, they had to incur the expense, the additional expense, unnecessary expense, of writing a response brief, a reply brief. And then still nothing happened. And then 63 days after the motion to dismiss was filed,  and gave specific instructions on how a satisfactory complaint might come about. Still nothing happened. And this was 20 days before a scheduled hearing on the motion to dismiss. So at that point, defendant could have still avoided the cost of preparing for that motion to dismiss hearing, and of traveling all the way from Charlotte to Asheville and back, which is about two and a half hours each way, to attend that hearing. So the timing matters in that, had the amended complaint been filed earlier, all of this unnecessary cost would have been avoided. And that's precisely the cost that the district court is trying to protect the defendant from having to pay. Do you agree that the amendments cured the problem? Not necessarily, Your Honor. Yeah, that's what I'm saying. You would have done the same thing. You filed another motion and said, this doesn't cure it. So what does it end? You're not conceding that the amendment fixed all the problems in the first complaint, are you? Nor did plaintiffs, because they chose to dismiss them. No, I'm not arguing the point. But the point is, you didn't. So if they had taken the advantage of taking the unilateral window that you said they missed, and you would have filed another motion and said, your amended complaint likewise is deficient, right? And that would have been allowed as reasonable under the rules. Exactly. But it wouldn't change any of the resources? And they still would have a right to go there to the hearing to say, no, we were right on our amended complaint, and they would still fight it. You don't really gain anything. It's a zero-sum game. And, Your Honor, to that point, is it not? It is not, Your Honor. Okay. And, again, I think the distinction there is the unnecessary expense that is caused by the unreasonable timing and the unreasonable sitting on a defective complaint. And also, turning to the finding that the voluntary dismissal was to gain a tactical advantage, the original complaint was defective. And I think by the end of the hearing, everybody agreed on that. And it was defective because it failed to properly allege that any of the defendants were covered employers under the Fair Labor Standards Act, which is a pretty grave deficiency when you're trying to bring a Fair Labor Standards Act claim. And so the plaintiff thought she had found a silver bullet in these Department of Labor documents that she attached to the amended complaint, the proposed amended complaint, because she believed that they proved in those documents that the Department of Labor had found America's living centers were a covered entity. Now, what the plaintiff apparently didn't realize, but what was pointed out to her during the hearing, was that those very same documents that she needed to get into court and to survive a motion to dismiss also seemed to kick her right back out because there were statements in there from the Department of Labor saying that the administrator in charge of each home had been properly classified as exempt. Now, that description fit plaintiff like a glove. And so at the end of this hearing, which didn't go well in this point for the plaintiff, she had a dilemma. She needed these Department of Labor documents to get into court, but every indication was that they also kicked her right back out. So she took a voluntary dismissal and then filed a second complaint where, tellingly, she did not attach those documents. She just cited excerpts of them, the little snippets that she needed to get into court, but completely failed to acknowledge the parts of those same documents she needed that kicked her right back out. And I think that is telling. Let me ask you a question. If cost doesn't include attorney's fees, what amount of money, roughly, would you receive? If it did not include attorney's fees, it would be filing costs and some, I don't know, it would be under $1,000, certainly. And the costs requested, including attorney's fees, were in excess of $25,000, and the district court reviewed that request for costs and cut it by nearly half. And so it's already been whittled away at by the district court. And then, finally, I think the record shows, and this is, again, these are all findings of fact. So if the record shows that it wasn't clearly erroneous to reach these conclusions that underlie the decision to award attorney's fees, then we defer to the district courts. Because as this court said in Newport Newsholding v. Virtual City Vision, the district courts, as Judge Anderson would probably agree, are in the best position to review the factual circumstances of each case and determine when conduct crosses the line from acceptable, reasonable litigation conduct to unreasonable to vexatious litigation conduct. Mr. Galant, you're here in a sort of special position. You're the MECAS counsel. You're here as our friend. Yes, Your Honor. And, therefore, as our friend, we look upon you to help us in terms of looking at a broad view of the law. In that sense, as Chief Judge Traxler alluded to, the American rule, we all know what the American rule is. And we also know what the problem is sometimes when it's too much of a chilling effect of plaintiffs coming into federal court and being able to litigate their cases. So we have to balance those things. Is this the type of case that we should allow these attorney's fees, even if they can be allowed under 401D, hear when you have a magistrate at the very least send mixed signals as to what they might do and say, I don't know how I might rule on the ability to amend. I can tell you how I would rule on the dismissal. Is this the type of case in terms of the balance of the American rule and the chilling effect of being too punitive in terms of people bringing cases and litigating cases, is this the type of case we should do that? In general, as a friend of the court, I think that it is proper to give district court judges the discretion to decide when the chilling effect is outweighed by the harm to the defendant. And other district courts that have allowed attorney's fees, in principle, under the rule, have then proceeded to not award them because they feel like in that particular case, the plaintiff can't afford it and they would effectively be shutting the doors of the court. But at the same time, a contravailing consideration is you don't want to put, you know, the defendants want to be out of court more than anything. But the defense fees that they have incurred might put them, as in this case, out of business. So it's a balance of factors that I think varies from case to case, which is precisely why the district courts should probably be the ones that have the discretion to decide where the balance lies. So with appropriate deference to the finder's effect in this case, the district court judges who were intimately involved with all the facts and circumstances of this particular case, the record supports the district court's determination that plaintiff's course of conduct as a whole was vexatious. So we respectfully request that this court uphold that determination and the attorney's fees that were awarded based on that determination. All right. Thank you, Mr. Killen. Thank you. Mr. Castle, you have some time left for reply. I'll reply on three points. First of all, I think counsel may have inadvertently misspoke when he said that the refiling was conditioned upon paying attorney fees. It was not. In fact, they specifically asked for attorney fees during the hearing on the dismissal, and they were denied. We refiled with the same plaintiff in the same district court, not with an opt-in in Charlotte, with the same plaintiff in the Asheville District Court. Then the motion was filed to stay until attorney fees were awarded. And advocates may have misspoke. Secondly, the idea that Mr. Hunter and Mr. Smith made a tactical decision out in the hallway in Asheville to dismiss because they would somehow gain something. Well, yes, we gained being right here because we could have just let Magistrate Judge Howell rule, as happens hundreds of times every day in the federal courthouses in this country on motions to dismiss, and then refiled. Would things have been any different? Would the defendant have come in and made the same claim that we're engaging in vexatious litigation because we chose to refile after a Twombly motion to dismiss was granted? What do you think the purpose of the rule is in giving the trial judge an alternative of assessing costs where there's been a situation like this? What are they trying? When they say, Judge, you can make them pay the cost, what are they trying to do? Well, you know, costs have always been minimal. Of course, costs haven't risen over the years like attorney fees have risen. I just think it's a question that possibly the costs haven't caught up with attorney fees over time. But I don't, you know, in this case, under this rule, there is the provision to condition a dismissal by requiring that attorney fees be paid. And that did not happen in this case. That's the fail-safe section of the rule. Why do they allow for these costs, which are minimal? True, both in state and federal court under Rule 41D, I do not know and cannot really probably answer your question adequately. If costs are just going to be a couple hundred bucks, I doubt the drafters of this rule would have taken the time to put a section like this in there. Well, we're not second-guessing. If they refile it, charge them a couple hundred dollars for the cost and the action. And certainly, as you opined earlier, they could have said costs including reasonable attorney fees, which is often the litany in a rule. I can't answer why the drafters did that other than all statutes. Most statutes I'm aware of when they talk about costs. They talk about just those very costs. When you tax costs for a trial, for example, you tax witness fees, you tax deposition transcripts used if the witness is unavailable or does not appear. There may be a few other costs. We didn't have any of that in this case, did we? No. Were there any costs of any real nature? I mean, aside from attorney fees? The only costs incurred that would have been chargeable would have been the filing fee we paid. I'm thinking off the top of my head, Your Honor. Normally, you have, as you say, depositions, service fees, filing fees. But here, when you think about it, there aren't any costs to speak of except potential attorney fees, are there? That's all that was requested. And I don't know of any other costs that there would be. There was the filing fee. There were no evidentiary hearings, no depositions. These weren't fees incurred by the defendant? No.  What costs were incurred by the defendant? No costs that I know that would be chargeable under the statute. You may be careful there. Counsel told you $200 or so. You may want to consider that as a stipulation. You may be careful how you answer that question. Did they represent that there was cost? I think they did. I heard $200 or so. They said it would be less than $1,000. Less than $1,000. Right. You might want to stick with that stipulation. Just a caution. I don't know. I wasn't stippling. They incurred the cost. You answer the way you want. There were costs. We paid the costs. All right. No costs were incurred by the defendant. But as I said a moment ago, this is a question that we can opine on, but we can't answer. And that is, what would have happened had we just let Magistrate Howell enter the dismissal order? And it saves, you know, you talk about judicial resources. I'm in the real world. No offense to amicus, but 82 days is nothing in the real world. I'm here after five and a half years. There was no delay. Nothing that we did was untoward. Actually, John Hunter and Terry Smith discussed with me the fact that it saved the court time. Court didn't have to go any further, didn't have to write an opinion, and we got our new complaint on file. You can argue that issue about delay and judicial resources both ways. And then I want to end by commenting on this question of the attorney fees. You know, we've mainly focused on are they awardable under 41D. We don't think they are, but even if they are, certainly not in this situation with my conduct in this case that I handled except for the oral argument because I was otherwise indisposed. Judge Rettiger, I think I'm pronouncing his name correctly, did not do the plaintiff a favor and was not magnanimous in cutting defendant's request for attorney fees of $25,000 down to about half. Defense counsel was ordered by the magistrate to only file a bill of costs on the attorney fees for the drafting of the motion to dismiss and the appearance at the hearing. He chose to file a bill of costs that included over $25,000 of everything he did in the case. I filed an objection to that, no response from our police counsel. So not only did he violate the order of Magistrate Howe in the costs he requested from the court, he didn't even respond to my objection. And in fact, the district judge noted that in his opinion that we had properly objected and that he had not responded, he being defense counsel, not responded to our objection to his bill of costs, but then took it upon himself to fine the cost for $13,000 and flyspeck his bill. That's how that amount came out in this case. That's where the district judge became the advocate, in my opinion, for the defense attorney in entering that order. I'll end with that, Your Honor. Okay, thank you. All right, Professor Corzine, we appreciate your providing amicus arguments in this case and particularly Ms. Isko and Mr. Gallant making the arguments. We appreciate very much your assistance to the court in this particular case. Thank you. We'll come down to Greek Council and then go into our next case.
judges: William B. Traxler Jr., Roger L. Gregory, Joseph F. Anderson Jr.